UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA

------------------------------------------------

MT PRODUCTS LLC d/b/a MEDTECH,

          **Plaintiff,**

           v.                    **Case No.** 8:25-cv-02510

ALTERNATIVE CAPITAL GROUP et al,

          **Defendants.**

------------------------------------------------


**MEMORANDUM OF LAW IN SUPPORT OF PLAINTIFF'S MOTION TO AMEND COMPLAINT**


ANTHONY V. MOSER
PRINCILIS LAW FIRM
14 NE 1st Ave, Suite 1402
Miami, FL 33132

Plaintiff MT Products LLS respectfully moves this Honorable Court, for leave to amend to add additional causes of action. Leave should be freely granted at this stage.

## I. INTRODUCTION

1. Plaintiff filed this action in the United States District Court for the Middle District of Florida alleging federal-question jurisdiction based on RICO and related claims, with supplemental jurisdiction over state-law claims, and venue based on events occurring in this District including disbursement of funds and a Florida UCC-1 filing. The Complaint identifies defendants including Alternative Capital Group, LLC; SuperFast Capital, Inc.; Top Choice Financial, Inc.; Cure Payment Recovery Solutions, LLC; Supervest, Inc.; SV Capital Management, LLC; EZ Advance LLC; and Gabriel Shamuelov a/k/a "Matt Owens" and "Jason Caldwell," along with Does 1–10.

2. Plaintiff alleges that defendants orchestrated and profited from a fraudulent merchant-cash-advance transaction, are debiting $2,488.63 weekly from a Florida account, and maintain an unauthorized Florida UCC-1 lien clouding Plaintiff's assets.

3. Plaintiff's pleading requests injunctive relief to halt ACH debits and bar maintenance or reliance on the Florida UCC-1, among other interim measures, and states Plaintiff will separately move under Rule 65.

4. The Complaint pleads, among others, claims for federal and Florida RICO, fraud/fraudulent inducement, civil conspiracy, aiding and abetting, FDUTPA, declaratory judgment, unauthorized UCC filing and damages, negligent undertaking/supervision (in the alternative), breach of contract, breach of the implied covenant of good faith and fair dealing, unjust enrichment, FDCPA/Florida collection violations, conversion, and New York GBL § 349.

1

5. No answer has been filed.

## II.   PROPOSED AMENDMENTS

6. Plaintiff seeks leave to file an Amended Complaint to add additional causes of actions and theories of violations for recovery if damages against the Defendants.

7. These amendments will not alter the causes of action presently pled, expand the case beyond its pleaded transactional nucleus, or prejudice any party. A redline and clean Amended Complaint will be submitted with the proposed order. Attached as Exhibits A is the clean version, and Exhibit B is the redlined version of the proposed first amended complaint.

## III.   ARGUMENT

8. Under Fed. R. Civ. P. 15(a)(1), a party may amend once as a matter of course within specified periods; otherwise, Rule 15(a)(2) provides that the court should freely give leave when justice so requires. No answer has been filed, and there is no undue delay, bad faith, repeated failure to cure deficiencies, undue prejudice, or futility.

9. In this matter leave should be granted because: The case is at an early stage and no answer has been filed; granting leave promotes adjudication on the merits. b. The amendments provide additional causes of actions and theories of recovery relying on the same set of facts already pled in the Complaint already; the request promotes judicial efficiency where the Plaintiff did not want to file an amendment to the complaint after defendants filed an answered creating potential waste of legal resources; and Defendants will suffer no prejudice where discovery has not begun in earnest and the amendments track the same core facts and claims.

10. Additionally Plaintiff's conferred with Defendants counsels who all consented to this motion.

### IV.    CONCLUSION

For the reasons set forth above, Plaintiff respectfully requests that the Court:

a.  Grant leave to file the Amended Complaint attached as Exhibit A, with the redline comparison attached as Exhibit B;

b.  Deem the Amended Complaint filed as of the date of the Court's order, with defendants to respond within the time permitted by the Rules; and

c.  Grant such other and further relief as the Court deems just and proper.

Dated: January 23, 2026                Respectfully Submitted,


By:    /s/ O. Williams Igbokwe
       O. Williams Igbokwe, Esq.
       will@iwlaws.com
       IGBOKWE PLLC
       28 Liberty Street, 6th FL,
       New York, NY 10005
       *Attorneys for Plaintiff (Pro Hac Vice)*


By:    /s/ Anthony Moser
       Anthony V. Moser, Esq.
       will@iwlaws.com
       PRINCILIS LAW FIRM
       14 NE 1st Ave, Suite
       1402 Miami, FL 33132
       (786) 845- 6967
       *Attorneys for Plaintiff*