UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF FLORIDA

| | |
|---|---|
| MT PRODUCTS, LLC<br><br>*Plaintiff,*<br><br>v.<br><br>ALTERNATIVE CAPITAL GROUP, LLC, et. al.<br><br>*Defendant.* | 8:25-CV-02510 WFJ-SPF |

## DEFENDANTS SUPERVEST, INC. AND TOP CHOICE FINANCIAL, INC. OPPOSITION TO PLAINTIFF'S FIST MOTION TO COMPEL CORPORATE DISCLOSURE STATEMENTS

Defendants, SUPERVEST, INC., and TOP CHOICE FINANCIAL, INC. by and through their undersigned counsel, hereby oppose Plaintiff's First Motion to Compel Corporate Disclosure Statements, and state the following in support thereof:

1. Plaintiff filed its Motion to Compel Corporate Disclosure Statement on March 13, 2026 [D.E. 45]. Filed after business hours on Friday and without conferring with opposing counsel, Plaintiff's motion is seemingly a transparent delay tactic to avoid responding to defendants' pending motion to dismiss [D.E. 44]. Indeed, Plaintiff's requested relief not only asks the court to compel each corporate defendant that appeared in this action file a corporate disclosure statement, but Plaintiff also requests a stay in responding to the pending

motion to dismiss [D.E.44] until 21 days after the corporate defendants file their 7.1 disclosure statements. Plaintiff's motion should be denied for numerous reasons.

2. First, Plaintiff's motion is moot as Defendants Supervest Inc., Top Choice Financial, Inc. & SV Capital Management have filed their corporate disclosure. [D.E. 46].

3. Second, Plaintiff failed to confer with the undersigned counsel prior to filing its motion. Thus, Plaintiff does not and cannot include the requisite "Local Rule 3.01(g) Certificate" with its motion.

4. Finally, Plaintiff's requested relief staying it's time to respond to defendants' motion to dismiss [D.E. 44] is entirely unrelated to the filing of a corporate disclosure statement. By Plaintiff's own admission, "[t]hese disclosure filings exist for court-administration reasons including judicial conflict screening." [D.E. 45; p. 3, ¶ 14].

5. Further, Plaintiff's contention that that defendants' corporate disclosure is "materially relevant to Plaintiff's opposition pleadings" (id. at ¶ 15) is not only meritless but highlights the frivolity of Plaintiff's underlying claims. Plaintiff does not even attempt to specify why or how such "material information" contained in a corporate disclosure statement could be material to any of its claims. And even if true (which it is not), Plaintiff fails to articulate any reason it waited nearly three months after the defendants filed an

appearance in this case before filing its motion for this "material" information [D.E. 25].

6. Accordingly, Defendants Supervest Inc. and Top Choice Financial Inc. respectfully request this Court to deny Plaintiff's motion in its entirely, award costs and reasonable attorney's fees in connections with the filing of this opposition, and such other relief this Court deems proper.

Dated: March 16, 2026.

                Respectfully submitted,

                **CASAGRANDE LAW, PLLC**
                11 Broadway, Suite 615
                New York, NY 10004
                Tel.   646-355-8701
                Fax:   212-568-3546
                */s/ David C. Casagrande*
                David C. Casagrande (FL Bar No.: 124059)
                dcasagrande@casalawpllc.com

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that on March 16 2026, the undersigned electronically filed the foregoing document with the Clerk of the Court using CM/ECF.

                */s/ David C. Casagrande*
                DAVID C. CASAGRANDE