**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**TAMPA DIVISION**

MT PRODUCTS LLC d/b/a MEDTECH,

Plaintiff,

Case No. 8:25-cv-02510-WFJ-SPF

v.

ALTERNATIVE CAPITAL GROUP, LLC; SUPERFAST CAPITAL, INC.; TOP CHOICE FINANCIAL, INC.; CURE PAYMENT RECOVERY SOLUTIONS, LLC; SUPERVEST, INC.; SV CAPITAL MANAGEMENT, LLC; EZ ADVANCE LLC; GABRIEL SHAMUELOV a/k/a "Matt Owens" and "Jason Caldwell"; and DOES 1–10,

Defendants.
_______________________________________/

**PLAINTIFF'S MOTION FOR RELIEF FROM THE DISMISSAL UNDER RULE 60(b)(1), FOR LEAVE TO FILE THE SECOND AMENDED COMPLAINT, AND FOR LEAVE TO RESPOND OUT OF TIME TO THE MOTION AT DOC. 66, WITH INCORPORATED MEMORANDUM OF LAW**

Plaintiff MT Products LLC d/b/a MedTech moves under Rule 60(b)(1) for relief from the dismissal entered at Doc. 60, which became a final judgment on August 18, 2026 when the period to replead expired. Plaintiff asks for leave under Rule 15(a)(2) to file a Second Amended Complaint that complies with every term of Doc. 60, which Plaintiff will file as Exhibit 1 to this motion within five days. Plaintiff also asks for leave under Rule 6(b)(1)(B) to file its response to

the motion to dismiss filed by Defendants Gabriel Shamuelov and EZ Advance LLC (Doc. 66). That response is filed with this motion. In the alternative, Plaintiff asks that any dismissal be stated to be without prejudice.

The deadline was missed because of a breakdown in communication between the offices of Plaintiff's two lawyers, followed by the illness of the lawyer responsible for the repleading. The error is counsel's. The client did nothing wrong. Every defendant that has appeared consented to the extension that was never docketed. No defendant has been prejudiced.

**BACKGROUND**

Plaintiff filed this action on September 17, 2025. (Doc. 1.) On January 26, 2026, the Court granted Plaintiff leave to file an amended complaint on the conditions that it be filed within twenty-one days, that Plaintiff review the Eleventh Circuit's decisions on shotgun pleading, and that the pleading not exceed fifty pages. (Doc. 40.) Plaintiff filed the First Amended Complaint on February 16, 2026. (Doc. 42.) Defendants EZ Advance LLC and Gabriel Shamuelov moved to dismiss. (Doc. 43.) Defendants SV Capital Management, LLC, Supervest, Inc., and Top Choice Financial, Inc. moved to dismiss. (Doc. 44.) Plaintiff opposed both motions. (Doc. 52.) Defendants Alternative Capital Group, LLC, SuperFast Capital, Inc., and Cure Payment Recovery Solutions, LLC have not appeared. Plaintiff's motion for alternative service on them (Doc. 59) was

denied as moot in light of the dismissal. (Doc. 63.) No defendant has answered. No scheduling order has been entered. No discovery has taken place.

On July 28, 2026, the Court dismissed the First Amended Complaint under Rule 8 as prolix and found the pending motions to dismiss moot. (Docs. 60–62.) The Court gave Plaintiff twenty-one days to file a second amended complaint limited to eight causes of action drawn from the twenty then pleaded. The period expired on August 18, 2026. The order did not state whether the dismissal was with or without prejudice. It did not state what would happen if no amended complaint was filed.

William Igbokwe of Igbokwe PLLC in New York drafted the First Amended Complaint. He was responsible for preparing the Second Amended Complaint. He is admitted in New York. He was admitted pro hac vice in this case on October 2, 2025. (Doc. 8.) Anthony Moser of the Princilis Law Firm is lead counsel of record. (Doc. 39.) Filings in this case are made by Mr. Moser's office. Mr. Igbokwe does not receive the Court's electronic notices in this case. Filings are forwarded to him by Mr. Moser's office. (Igbokwe Decl. ¶¶ 1–6; Moser Decl. ¶¶ 1–3.)

Mr. Igbokwe left the United States on June 21, 2026 for Ethiopia on a religious sabbatical. He planned the trip before the Court entered Doc. 60. It was his first extended absence from the country. In the areas where he stayed,

electricity and internet service were intermittent. Power outages left him without electricity for days at a time. On many days he could not reach his email. He could not reliably reach the Court's electronic filing system from there. He attended to a limited number of matters when connectivity allowed. Contemporaneous emails, one of them to a New York court in another matter, record the connectivity problems. (Igbokwe Decl. ¶¶ 7–15; Ex. 7.)

Doc. 60 was entered on July 28, 2026. Mr. Moser forwarded the notice of the order to Mr. Igbokwe the same day. Mr. Igbokwe first saw it on or about August 12, 2026, when he was able to reach his email. (Igbokwe Decl. ¶¶ 16–17; Moser Decl. ¶ 4.) At 6:59 a.m. that morning, from Ethiopia, he emailed counsel for every defendant that has appeared. He told them he was abroad. He asked whether they would consent to a thirty-day extension to file the amended complaint. At 7:55 a.m. the same morning, he forwarded the notice of Doc. 60 to Mr. Moser with a letter to the Court requesting the extension. The letter is dated August 12, is addressed to the Court "VIA ECF," states that counsel had been out of the country from June 21 to August 19, 2026, and asks for thirty days. It computes the deadline as August 15, three days earlier than the actual deadline of August 18. The covering email proposed waiting a day for the defendants' consent, "[b]ut regardless let's file the letter tomorrow and let the court know we requested the defendants consent." (Ex. 6.) On August 13, counsel for Defendants

SV Capital Management, Supervest, and Top Choice Financial wrote that he had no objection if all other parties consented. The same day, counsel for Defendants Shamuelov and EZ Advance wrote, "No objection either." (Ex. 5.) The moving Defendants describe the same exchange in their own motion. (Doc. 66 ¶ 3.) The letter was not filed before the period expired on August 18. (Igbokwe Decl. ¶ 25; Moser Decl. ¶¶ 7–8.) Had it been filed on August 13, the request would have been pending before the deadline, and the dismissal would not have become final on August 18. See Hertz, 16 F.3d at 1132–33.

Mr. Igbokwe left Ethiopia on August 19, 2026 and arrived in the United States on August 20. The same afternoon, he asked Mr. Moser whether the letter could be filed as a placeholder. Co-counsel discussed instead sending the letter to chambers with a proposed order, since no appearing defendant objected. (Igbokwe Decl. ¶¶ 26–30.)

Between August 21 and August 25, Mr. Igbokwe was in New York attending to the matters that had accumulated during two months away. He understood from that exchange that the letter would be sent to chambers. On August 25, Mr. Moser wrote that he understood the letter had been taken care of and that nothing needed to be filed. Mr. Igbokwe read that message as confirmation that the letter had been sent and thanked him. From that point each lawyer believed the other's office had placed the request before the Court.

Neither office had. The letter was never sent to chambers. No motion was filed. Counsel discovered the lapse on October 18. (Igbokwe Decl. ¶¶ 31–37, 49–51; Moser Decl. ¶¶ 9–15, 17.)

Counsel prepared the request in letter form. Local Rule 3.01(l) requires that relief be sought by motion. Counsel were mistaken on that point. That mistake did not cause the delay. A letter filed on August 13 would have been docketed before the deadline, and the Court would have directed counsel to file a motion, which would have been done within the period. The delay was caused by the failure to file anything, and then by each office's belief that the other had acted.

In or around the week of August 28, 2026, days after Mr. Moser's message, Mr. Igbokwe fell ill. The illness was physical at the outset. It was followed by a period of mental and emotional difficulty that left him unable to work consistently through September. By the end of September he believed he had recovered enough to return to a full workload. On October 2, a bacterial infection of two molars put him under treatment that required extraction and bone grafting and ran through October 14. The treatment and the medication prescribed for it left him unable to work. He resumed full practice on October 15. Records of the dental treatment are available for the Court's review in camera. (Igbokwe Decl. ¶¶ 38–48.)

On September 22, 2026, Defendants Shamuelov and EZ Advance filed Doc. 66. No other defendant joined it. Mr. Igbokwe does not receive the Court's electronic notices, and lead counsel's office did not forward the motion to him. (Moser Decl. ¶ 16.) Mr. Igbokwe first saw Doc. 66 on October 18, 2026. He contacted Mr. Moser and began preparing this motion, the response, and the Second Amended Complaint. (Igbokwe Decl. ¶¶ 49–52.) The response to Doc. 66 was due on October 6 under Local Rule 3.01(c). This motion and the response are filed on October 19, 2026, four days after Mr. Igbokwe resumed full practice. The Second Amended Complaint will be filed as Exhibit 1 within five days.

## MEMORANDUM OF LAW

### I. The Dismissal Became a Final Judgment on August 18, and Rule 60(b) Is the Proper Vehicle

An order dismissing a complaint with leave to amend within a stated period becomes final when the period expires without an amendment or a request for an extension. *Schuurman v. Motor Vessel Betty K V*, 798 F.2d 442, 445 (11th Cir. 1986). The judgment is treated as entered on the day the period expires. *Hertz Corp. v. Alamo Rent-A-Car, Inc.*, 16 F.3d 1126, 1132–33 (11th Cir. 1994). Once that happens, the court "loses all its prejudgment powers to grant any more extensions." *Auto. Alignment & Body Serv., Inc. v. State Farm Mut. Auto. Ins. Co.*,

953 F.3d 707, 719–20 (11th Cir. 2020) (quoting *Hertz*, 16 F.3d at 1133). Rule 6(b)(1)(B) does not operate after judgment. *Id.* at 720–21. The plaintiff's recourse is a motion under Rule 59(e) or Rule 60(b). *Id.* at 720.

Plaintiff does not dispute that rule. The dismissal became a final judgment on August 18, 2026. Rule 59(e)'s twenty-eight days ran on September 15. Plaintiff therefore moves under Rule 60(b)(1). The motion is filed within two months of the judgment, well within the one-year limit of Rule 60(c)(1) and within a reasonable time. Courts in this District grant Rule 60(b)(1) relief in exactly this posture when the Pioneer factors favor the movant. *Irons v. City of Holly Hill*, No. 6:16-cv-479-Orl-37GJK, 2017 WL 2198373, at *2–4 (M.D. Fla. Apr. 3, 2017) (recommending that a dismissal with leave to amend that became final on expiration of the period be reopened under Rule 60(b)(1) and that the plaintiff be given fourteen days to file the amended complaint).

**II. Relief Is Warranted Under Rule 60(b)(1) for Excusable Neglect**

Rule 60(b)(1) permits relief from a final judgment for "mistake, inadvertence, surprise, or excusable neglect." For purposes of Rule 60(b), excusable neglect "is understood to encompass situations in which the failure to comply with a filing deadline is attributable to negligence." *Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd. P'ship*, 507 U.S. 380, 394 (1993). The determination "is at bottom an equitable one, taking account of all relevant circumstances

surrounding the party's omission," including "the danger of prejudice to the [opposing party], the length of the delay and its potential impact on judicial proceedings, the reason for the delay, including whether it was within the reasonable control of the movant, and whether the movant acted in good faith." *Id.* at 395. The Eleventh Circuit applies that test to Rule 60(b)(1). *Cheney v. Anchor Glass Container Corp.*, 71 F.3d 848, 850 (11th Cir. 1996). The Supreme Court "accorded primary importance to the absence of prejudice to the nonmoving party and to the interest of efficient judicial administration." *Id.* Every factor must be weighed. *Conn. State Dental Ass'n v. Anthem Health Plans, Inc.*, 591 F.3d 1337, 1356 (11th Cir. 2009); *Chege v. Ga. Dep't of Juv. Just.*, 787 F. App'x 595, 598–99 (11th Cir. 2019). This Circuit has "a strong preference for deciding cases on the merits—not based on a single missed deadline—whenever reasonably possible." *Perez v. Wells Fargo N.A.*, 774 F.3d 1329, 1332 (11th Cir. 2014). Each factor favors relief here.

**A. No Defendant Is Prejudiced**

Every defendant that has appeared consented to a thirty-day extension on August 13. (Ex. 5.) The moving Defendants say so in their own motion. (Doc. 66 ¶ 3.) A party that agreed to see the amended complaint on September 17 is not prejudiced by seeing it in October. No defendant has answered. No scheduling order exists. No discovery has been taken. No deadline of any defendant has

moved. The inquiry "is whether prejudice results from the delay, not from having to continue to litigate the case." *Conn. State Dental*, 591 F.3d at 1357. In addition, no defendant was lulled into believing the case was over. The moving Defendants filed Doc. 66 because they expected a second amended complaint and had not received one. The three appearing funder Defendants, who also consented, have not moved at all. The remaining three Defendants have not appeared. Compare *Yang v. James R. Worrell, Gen. Agent, Inc.*, 512 F. App'x 997, 1000 (11th Cir. 2013) (prejudice where the opposing party was "lulled into believing that this lawsuit was concluded"), with *Cheney*, 71 F.3d at 850 (no prejudice where the parties' conduct showed they expected the case to continue).

**B. The Length of the Delay and Its Impact**

The period from the August 18 deadline to this filing is sixty-two days. Plaintiff does not call that short. It is explained in full below, and it has caused no impact on the proceedings. The Eleventh Circuit excused a one-month delay in *Walter v. Blue Cross & Blue Shield United of Wis.*, 181 F.3d 1198, 1201–02 (11th Cir. 1999), including two weeks attributable to counsel after she learned of the problem. It vacated the denial of relief after a four-month delay in *Safari Programs, Inc. v. CollectA Int'l Ltd.*, 686 F. App'x 737, 743–44 (11th Cir. 2017), because the district court had not weighed the other factors. This District reopened a case four months after the amendment period ran in *Irons*, 2017 WL

2198373, at *3–4. The relevant measure here is the time between the return of counsel's full capacity to work and this filing, which is four days. The response to Doc. 66 is filed with this motion, and the Second Amended Complaint will follow within five days, so the Court can decide everything at once. Nothing on the docket has to be redone.

**C. The Reason for the Delay**

The reason for the delay is a failure of communication between the offices of co-counsel. Mr. Igbokwe prepared the extension request six days before the deadline and sent it to lead counsel, asking that it be filed the next day whether or not consent had arrived. It was not filed. After his return, co-counsel agreed that the request would be sent to chambers with a proposed order, and Mr. Igbokwe was then told that it had been taken care of. He took that as confirmation and thanked his co-counsel. Each lawyer believed the other's office had acted. Neither had. (Igbokwe Decl. ¶¶ 18–37; Moser Decl. ¶¶ 7–15; Ex. 6.)

That is the fact pattern the Eleventh Circuit has twice held to be excusable neglect under Rule 60(b)(1). In *Cheney*, lead counsel left on a previously planned vacation. The associate told a secretary to relay the deadline to lead counsel. The secretary did not. "[B]oth attorneys erroneously assumed that the demand for trial de novo had been filed by the other, and no demand was filed." 71 F.3d at 849. The court held that the circumstances "were obviously within counsel's

control," but that the "noncommunication and resulting inaction amounts only to an 'omission[ ] caused by carelessness,'" which is excusable. *Id.* at 850. In *Walter*, a secretary failed to diary a response deadline. The court held that was "the type of 'innocent oversight' involved in *Cheney*" and reversed the denial of Rule 60(b) relief. 181 F.3d at 1201–02. In *Connecticut State Dental*, out-of-state counsel assumed they were receiving electronic notices, and local counsel who received the motion by mail did not tell them. The court held that "[i]t was counsel's erroneous assumption, rather than purposeful disregard of the district court's order, that led to the failure to respond," that the error was a mistake of fact, and that it was excusable. 591 F.3d at 1356–57.

The Eleventh Circuit distinguishes a mistake of fact from a mistake of law. "While an attorney error based on a misunderstanding or misinterpretation of the law generally cannot constitute excusable neglect, a mistake of fact, such as miscommunication or a clerical error, may do so under the pertinent factors." *United States v. Davenport*, 668 F.3d 1316, 1324 (11th Cir. 2012). The mistake here was one of fact. Each lawyer was wrong about what the other's office had done. Neither lawyer misread a rule and chose to rely on the misreading, which is what *Advanced Estimating Systems, Inc. v. Riney*, 130 F.3d 996, 998–99 (11th Cir. 1997), held is not excusable. Counsel were also mistaken in believing that a letter to chambers with a proposed order would suffice. Local Rule 3.01(l) provides

otherwise. Plaintiff does not minimize that. But the mistake about form had no causal role, because the letter was never sent. Had it been sent, the Court would have told counsel to file a motion, and a motion would have been filed in August. The delay came from the transmission failure, not from the choice of form.

The breakdown persisted because the lawyer who would have caught it could not. Mr. Igbokwe fell ill in the week of August 28, days after he was told that the letter had been taken care of. He remained unable to work consistently through September. By the end of September he believed he had recovered enough to return to a full workload. On October 2 a bacterial infection of two molars put him under treatment that required extraction and bone grafting and ran through October 14. He resumed practice on October 15. (Igbokwe Decl. ¶¶ 38–48.) He did not see Doc. 66 until October 18. He acted the same day. (Igbokwe Decl. ¶¶ 49–52; Moser Decl. ¶ 16.) Illness that intervenes after a lapse and prevents its correction is a circumstance outside the movant's reasonable control. *Pioneer*, 507 U.S. at 388 (excusable neglect includes "intervening circumstances beyond the party's control").

The moving Defendants will say the trip was within counsel's control. The trip was planned before Doc. 60 issued. The timing of the order was not within counsel's control. The telecommunications infrastructure where counsel was

located was not within counsel's control. In addition, counsel did not ignore the case from abroad. Within days of learning of the order he obtained the written consent of every defendant to the extension he intended to seek. That is the opposite of the inactivity found inexcusable in *Negron v. Geovera Specialty Insurance Co.*, No. 6:21-cv-1009-CEM-LHP, 2022 WL 16743920, at *2 (M.D. Fla. Nov. 7, 2022), where a party with three attorneys of record receiving notice did nothing while one lawyer traveled. Nor is this *Solaroll Shade & Shutter Corp. v. Bio-Energy Systems, Inc.*, 803 F.2d 1130, 1132 (11th Cir. 1986), decided before *Pioneer*, where counsel promised a joint motion, "never communicated again," and never responded. Here counsel communicated repeatedly, prepared the request, obtained consent, and were defeated by a transmission failure that each believed the other had handled. It is also not *Martin v. Creative Management Group, Inc.*, No. 10-23159-CIV, 2011 WL 6935334, at *1 (S.D. Fla. Dec. 30, 2011), where pro hac vice counsel waited until the last day and then tried to file himself in violation of a rule that plainly barred it. Here the request was prepared six days before the deadline and placed with lead counsel of record for filing. It was not filed.

Plaintiff states the point plainly. The failure to docket the consented extension and to file the Second Amended Complaint on time was the fault of Plaintiff's counsel, who accept responsibility for it. It was not the fault of Plaintiff

or its principal, Leandro Obenauer. (Igbokwe Decl. ¶ 53; Moser Decl. ¶ 18.) The sanction of dismissal with prejudice "is thought to be more appropriate in a case where a party, as distinct from counsel, is culpable." *Betty K Agencies, Ltd. v. M/V Monada*, 432 F.3d 1333, 1338 (11th Cir. 2005). This is not that case.

**D. Good Faith**

There is no indication of bad faith, and the moving Defendants do not suggest any. Counsel sought consent from abroad within an hour of seeing the order. He sent the extension request to lead counsel within two hours, asking that it be filed the next day whether or not consent had arrived. The request computed the deadline three days early. Counsel was trying to beat the deadline, not to stretch it. He followed up with co-counsel after his return. He acted on the day he saw Doc. 66. No tactical advantage was sought or gained from the delay. "There is no indication that counsel deliberately disregarded" the deadline. *Cheney*, 71 F.3d at 850. The moving Defendants' own motion confirms that they, too, understood that a second amended complaint was coming. (Doc. 66 ¶ 3.)

**III. Independently, Relief Is Warranted Under Rule 60(b)(1) Because the Judgment Operates With Prejudice Without the Findings This Circuit Requires**

Rule 41(b) provides that, unless the dismissal order states otherwise, a dismissal not falling within its exceptions "operates as an adjudication on the

merits." Doc. 60 does not state otherwise. When the amendment period expired, Doc. 60 therefore became a dismissal with prejudice of twenty claims that no court has evaluated and no defendant has defeated. *Lopez v. De Vito*, 824 F. App'x 683, 686–87 (11th Cir. 2020) (a dismissal silent on prejudice "operated as a dismissal with prejudice" under Rule 41(b)).

A dismissal with prejudice is an extreme sanction that may be imposed only when "(1) a party engages in a clear pattern of delay or willful contempt (contumacious conduct); and (2) the district court specifically finds that lesser sanctions would not suffice." *Betty K*, 432 F.3d at 1337–38 (quoting *World Thrust Films, Inc. v. Int'l Family Entm't, Inc.*, 41 F.3d 1454, 1456 (11th Cir. 1995)). "[F]indings satisfying both prongs of our standard are essential before dismissal with prejudice is appropriate." *Id.* at 1339 (citing *Mingo v. Sugar Cane Growers Co-op. of Fla.*, 864 F.2d 101, 102–03 (11th Cir. 1989)). "[S]imple negligence does not warrant dismissal." *Kilgo v. Ricks*, 983 F.2d 189, 192–93 (11th Cir. 1993) (quoting *McKelvey v. AT&T Techs., Inc.*, 789 F.2d 1518, 1520 (11th Cir. 1986)).

No such findings were made here, and none could be made on this record. Every defendant that has appeared consented to the extension. The request was prepared. It was lost between two law offices. The lawyer responsible then fell ill. Doc. 60 contained no warning that a failure to replead would end the case. In *Lopez*, the Eleventh Circuit held that a dismissal that operated with prejudice

without the required findings was a "legal error or mistake," that the district court "abused its discretion in denying Plaintiff's motion for post-judgment relief," and it vacated both the dismissal and the denial of Rule 59(e) and Rule 60(b) relief. 824 F. App'x at 687. The same relief is warranted here. A court's own legal error is a "mistake" within Rule 60(b)(1) when raised, as here, within one year. *Kemp v. United States*, 596 U.S. 528 (2022). This ground does not depend on the declarations. It depends on the docket.

**IV. Leave to File the Second Amended Complaint Should Be Granted**

Once the judgment is set aside, Rule 15(a)(2) governs. *Jacobs v. Tempur-Pedic Int'l, Inc.*, 626 F.3d 1327, 1344–45 (11th Cir. 2010); *Czeremcha v. Int'l Ass'n of Machinists*, 724 F.2d 1552, 1556 (11th Cir. 1984). Leave is to be "freely give[n] when justice so requires," absent undue delay, bad faith, repeated failure to cure, undue prejudice, or futility. *Foman v. Davis*, 371 U.S. 178, 182 (1962); *Thomas v. Town of Davie*, 847 F.2d 771, 773 (11th Cir. 1988). None of those grounds exists. The delay is explained above. There is no bad faith. The Court allowed one earlier amendment. (Doc. 40.) The First Amended Complaint did not cure the structural defect the Court identified, and Doc. 60 gave Plaintiff one further opportunity with a numeric limit. The Second Amended Complaint is the first pleading prepared under that instruction. One prior amendment is not a

repeated failure to cure. No defendant is prejudiced. The amendment is not futile.

Plaintiff will file the Second Amended Complaint as Exhibit 1 within five days of this motion. It will comply with every term of Doc. 60. It will plead eight causes of action, each drawn from the twenty in Doc. 42: fraudulent inducement, aiding and abetting fraud, civil conspiracy, RICO under 18 U.S.C. § 1962(c), RICO conspiracy under § 1962(d), FDUTPA, unauthorized financing statement under Fla. Stat. §§ 679.509 and 679.625, and usury under Fla. Stat. ch. 687. It will be shorter than the First Amended Complaint. No count will incorporate the entire complaint. Each count will name the defendants against whom it is pleaded and the facts on which it rests. The claims are substantial. SuperFast's own merchant-support personnel told Plaintiff's principal that the funding addendum bearing SuperFast's logo "is not from us. That is fraud." (Doc. 42 ¶ 34; Doc. 1-2.) On the funds actually advanced, the fixed repayment schedule of forty-four weekly payments of $2,488.63 against $73,500 received yields an annualized rate above fifty percent on any method of computation, which supports the collection-of-unlawful-debt theory under 18 U.S.C. § 1961(6). (Doc. 42 ¶¶ 31, 230–32.) The merits are for another day. For present purposes it is enough that the pleading will cure the defect identified in Doc. 60 and will state claims that courts have sustained on similar facts. Plaintiff files this motion now

rather than holding it until the pleading is complete, because the time to respond to Doc. 66 has passed and the Court should have this motion and the response without further delay. If the Court prefers to rule on leave once the pleading is on file, Plaintiff asks that the Court set aside the judgment now and set a date for the filing, as this District did in Irons, 2017 WL 2198373, at *4.

**V. Leave to Respond to Doc. 66 Out of Time Should Be Granted**

The response to Doc. 66 was due on October 6, 2026, four days into the dental treatment described above. Mr. Igbokwe does not receive the Court's electronic notices and did not see the motion until October 18 for the reasons stated above. (Moser Decl. ¶ 16.) Rule 6(b)(1)(B) permits the Court to accept the response on a showing of excusable neglect. The showing is the same as in Part II. Courts in this District accept late responses where the delay is explained and the opposing party is not prejudiced. *Quality Inns Int'l, Inc. v. Tampa Motel Assocs., Ltd.*, 154 F.R.D. 283 (M.D. Fla. 1994). Treating Doc. 66 as unopposed would not in any event authorize dismissal without consideration of the merits. *Giummo v. Olsen*, 701 F. App'x 922, 924–25 (11th Cir. 2017). The response is filed with this motion so that the Court has it now.

**VI. In the Alternative, Any Dismissal Should Be Without Prejudice**

If the Court denies relief from the judgment, Plaintiff asks that the Court state in its order that the dismissal is without prejudice. Rule 41(b) permits the Court to so state. The findings that would support a dismissal with prejudice are absent from this record, as shown in Part III, and a with-prejudice effect reached by operation of Rule 41(b) without those findings is a defect the Court may correct on a post-judgment motion. *Lopez*, 824 F. App'x at 687. Where a single lapse is at issue, a dismissal without prejudice is the proportionate response. *Dynes v. Army Air Force Exch. Serv.*, 720 F.2d 1495 (11th Cir. 1983) (affirming dismissal for a single failure to file because it was without prejudice). No limitations period has run on any claim in the Second Amended Complaint. A dismissal without prejudice would therefore result in a refiled action on the same facts, which serves no party and no court.

**CONCLUSION**

Plaintiff asks the Court to grant relief from the dismissal under Rule 60(b)(1), to grant leave to file the Second Amended Complaint, which Plaintiff will file as Exhibit 1 within five days, or to set a date for its filing, to accept Plaintiff's response to Doc. 66, and to deny Doc. 66. In the alternative, Plaintiff asks that any dismissal be stated to be without prejudice. Plaintiff also asks for leave to renew its motion for alternative service on the three Defendants that

have not appeared (Doc. 59), which was denied as moot in light of the dismissal. (Doc. 63.) Plaintiff asks the Court to rule on this motion at its earliest convenience, because the unauthorized financing statement at issue in this case remains of record against Plaintiff's assets.

**LOCAL RULE 3.01(g) CERTIFICATION**

On October 19, 2026, undersigned counsel emailed Matthew P. Leto, counsel for Defendants Gabriel Shamuelov and EZ Advance LLC, and David Casagrande, counsel for Defendants SV Capital Management, LLC, Supervest, Inc., and Top Choice Financial, Inc., proposing telephone conferences at 2:00 p.m. and 2:30 p.m. that day to confer on this motion. Neither responded. Undersigned counsel then telephoned each and left a voicemail message requesting a conference. Neither had returned the call when this motion was filed. Because the time to respond to Doc. 66 has passed and this motion should be before the Court without further delay, Plaintiff files it now. Plaintiff will continue its efforts to confer with both counsel and will file a supplemental certification stating their positions within three days of this filing. Each counsel consented on August 13, 2026 to a thirty-day extension of the deadline at issue. (Ex. 5.) Defendants Alternative Capital Group, LLC, SuperFast Capital, Inc., and Cure Payment Recovery Solutions, LLC have not appeared, and no conference with them was possible.

Dated: October 19, 2026

Respectfully submitted,

PRINCILIS LAW FIRM
/s/ Anthony V. Moser
Anthony V. Moser
Florida Bar No. 1034553
14 NE 1st Avenue, Suite 1402
Miami, Florida 33132
(786) 845-6967
amoser@princilislaw.com

IGBOKWE PLLC
O. Williams Igbokwe (admitted pro hac vice)
One World Trade Center, 85th Floor
New York, New York 10007
(347) 467-4674
will@iwlaws.com

Counsel for Plaintiff

**CERTIFICATE OF SERVICE**

I certify that on October 19, 2026, I filed the foregoing with the Clerk of the Court using CM/ECF, which will send notice of the filing to all counsel of record.

/s/ Anthony V. Moser
Anthony V. Moser