**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**TAMPA DIVISION**

MT PRODUCTS LLC d/b/a MEDTECH,

Plaintiff,

Case No. 8:25-cv-02510-WFJ-SPF

v.

ALTERNATIVE CAPITAL GROUP, LLC; SUPERFAST CAPITAL, INC.; TOP CHOICE FINANCIAL, INC.; CURE PAYMENT RECOVERY SOLUTIONS, LLC; SUPERVEST, INC.; SV CAPITAL MANAGEMENT, LLC; EZ ADVANCE LLC; GABRIEL SHAMUELOV a/k/a "Matt Owens" and "Jason Caldwell"; and DOES 1–10,

Defendants.
_____________________________________/

**DECLARATION OF O. WILLIAMS IGBOKWE**

I, O. Williams Igbokwe, declare as follows under 28 U.S.C. § 1746.

**MY ROLE**

1. I am the managing partner of Igbokwe PLLC, with offices at One World Trade Center, 85th Floor, New York, New York.

2. I am admitted to practice law in New York.

3. I was admitted pro hac vice in this case on October 2, 2025. (Doc. 8.)

4. I drafted the First Amended Complaint filed in this action (Doc. 42).

5. I was responsible for preparing the Second Amended Complaint after the Court's order of July 28, 2026 (Doc. 60).

6. Anthony Moser of the Princilis Law Firm is local counsel of record for Plaintiff. (Doc. 39.)

**THE SABBATICAL**

7. On June 21, 2026, I left the United States for Ethiopia on a religious sabbatical.

8. I planned the sabbatical before the Court entered Doc. 60.

9. It was my first extended absence from the United States. I had never been out of the country for that length of time.

10. In the areas of Ethiopia where I stayed, electricity and internet service were intermittent.

11. During my time in Ethiopia I experienced power outages on a consistent basis that left me without electricity for days at a time.

12. On many days I could not access my email or any legal platforms.

13. I could not reliably access the Court's electronic filing system from there.

14. On June 26, 2026, I wrote to a client that I was in Ethiopia and having WiFi issues. On July 8, 2026, I wrote to a New York court in another

matter that I was having connectivity issues with the WiFi where I was. True copies of those emails, with the client's name redacted, are attached as Exhibit 7.

15. During the sabbatical I attended to a limited number of matters when connectivity allowed while my paralegal managed day-to-day issues.

**THE ORDER AND THE CONSENT**

16. Doc. 60 was entered on July 28, 2026. Mr. Moser forwarded the notice of the order to me by email the same day.

17. I first saw it on or about August 12, 2026, when I was able to access my email.

18. On August 12, 2026, I emailed counsel for every defendant that has appeared in this case.

19. I told them I was in Ethiopia and that I would be requesting a thirty-day extension to file an amended complaint.

20. The same morning, I forwarded the notice of Doc. 60 to Mr. Moser with a letter to the Court requesting the thirty-day extension. The letter is dated August 12, 2026, is addressed to the Court "VIA ECF," states that I had been out of the country from June 21 to August 19, 2026, and asks for thirty days. In the letter I stated the deadline as August 15, 2026. I had computed it conservatively. The deadline under Doc. 60 was August 18, 2026. In the covering email I wrote that we should wait until the next day for the defendants' consent, but that

regardless we should file the letter the next day and let the Court know that consent had been requested. A true copy of that email and the letter is attached as Exhibit 6.

21. On August 13, 2026, David Casagrande, counsel for Defendants SV Capital Management, LLC, Supervest, Inc., and Top Choice Financial, Inc., wrote that he had no objection if all other parties consented.

22. The same day, Matthew Leto, counsel for Defendants Gabriel Shamuelov and EZ Advance LLC, wrote, “No objection either.”

23. True copies of those emails are attached as Exhibit 5.

24. Between August 13 and August 18, 2026, I remained in Ethiopia, with the same intermittent electricity and internet service.

25. The letter was not filed before August 18, 2026. No motion for the extension was filed.

**AFTER MY RETURN**

26. I left Ethiopia on August 19, 2026, the date stated in the letter, and arrived in the United States on August 20, 2026.

27. That afternoon, August 20, 2026, I contacted Mr. Moser, told him I was back, and asked whether we could file the letter as a placeholder because of the short deadline. I asked that the letter be filed so that the request would be on the docket.

28. Mr. Moser was traveling. He suggested that the letter be sent to the judicial assistant and chambers with a proposed order, because no appearing defendant objected.

29. On August 21, 2026, I agreed to that approach.

30. Mr. Moser then told me he was back in town and offered to file the letter instead if I preferred.

31. Between August 21 and August 25, 2026, I was in New York. I was attending to the matters that had accumulated during my two months away. I understood from that exchange that the letter would be sent to chambers.

32. On August 25, 2026, Mr. Moser wrote to me that he understood the letter had been taken care of and that nothing needed to be filed.

33. I understood his message to mean that the letter had been sent to chambers.

34. On August 28, 2026, I thanked him.

35. From that point I believed that the extension request was before the Court.

36. I did not send the letter to chambers myself. I understood that it had been sent.

37. I recently learned that the letter was never sent to chambers by anyone.

**THE ILLNESS**

38. In or around the week of August 28, 2026, I became ill.

39. The illness was physical at first.

40. It was followed by a period of mental and emotional difficulty.

41. From on or about August 28 through September 2026, I was unable to work consistently.

42. I did not consult a physician for the illness before October 2026.

43. By the end of September 2026, I believed I had recovered enough to begin to get back to a full workload.

44. On October 2, 2026, I developed a bacterial infection of two molars.

45. From October 2 through October 14, 2026, I was treated for the infection. The treatment required extraction of both teeth and bone grafting in preparation for implants.

46. I was unable to work during that treatment and while taking the medication prescribed for it, which included antibiotics and narcotics.

47. Records of that treatment are available for the Court's review in camera.

48. During this period of physical, mental, and emotional illness I was unable to work consistently and failed to follow up on this matter. I resumed full practice on October 15, 2026.

**DOC. 66 AND THIS MOTION**

49. I did not receive electronic notice of the motion filed by Defendants Shamuelov and EZ Advance on September 22, 2026 (Doc. 66). On October 18, 2026 I observed the motion from Defendants Shamuelov and EZ Advance.

50. I contacted Mr. Moser about the extension request and Doc. 66.

51. After some research Mr. Moser confirmed that no email requesting the extension had been sent to chambers and that there had been a miscommunication between our offices about transmitting the letter with the proposed order.

52. I began preparing this motion, the response to Doc. 66, and the Second Amended Complaint.

53. The failure to place the extension request before the Court and to file the Second Amended Complaint on time was the responsibility of my office. It was not the fault of local counsel, Plaintiff, or its principal, Leandro Obenauer.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed on October 19, 2026, at New York, New York.

Onyuwoma Igbokwe

O. Williams Igbokwe