**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**TAMPA DIVISION**

MT PRODUCTS LLC d/b/a MEDTECH,

Plaintiff,

Case No. 8:25-cv-02510-WFJ-SPF

v.

ALTERNATIVE CAPITAL GROUP, LLC; SUPERFAST CAPITAL, INC.; TOP CHOICE FINANCIAL, INC.; CURE PAYMENT RECOVERY SOLUTIONS, LLC; SUPERVEST, INC.; SV CAPITAL MANAGEMENT, LLC; EZ ADVANCE LLC; GABRIEL SHAMUELOV a/k/a "Matt Owens" and "Jason Caldwell"; and DOES 1–10,

Defendants.
_______________________________________/

## DECLARATION OF ANTHONY V. MOSER

I, Anthony V. Moser, declare as follows under 28 U.S.C. § 1746.

**MY ROLE**

1. I am an attorney with the Princilis Law Firm in Miami, Florida. I am admitted to practice in Florida and before this Court.

2. I am lead counsel of record for Plaintiff in this action. (Doc. 39.) I receive the Court's electronic notices. Filings in this case are made by my office.

Mr. Igbokwe does not receive the Court's electronic notices in this case. My office generally forwards filings to him.

3. O. Williams Igbokwe of Igbokwe PLLC drafted the First Amended Complaint and was responsible for preparing the Second Amended Complaint after the Court's order of July 28, 2026 (Doc. 60).

**THE ORDER AND THE DEADLINE**

4. I received electronic notice of Doc. 60 on July 28, 2026. I forwarded it to Mr. Igbokwe by email the same day.

5. I understood that Mr. Igbokwe was abroad and would prepare the Second Amended Complaint.

6. I was copied on Mr. Igbokwe's August 12, 2026 email to counsel for the appearing defendants requesting consent to a thirty-day extension, and on the August 13, 2026 replies consenting to it.

7. At 7:55 a.m. on August 12, 2026, Mr. Igbokwe emailed me a letter to the Court requesting the thirty-day extension. He asked that it be filed the next day whether or not the defendants had consented. (Ex. 6.)

8. Based on my internal review I have found that the letter was not filed before August 18, 2026.

**THE LETTER**

9. On August 20, 2026, Mr. Igbokwe told me he was back in the United States and asked whether we could file the letter as a placeholder.

10. I was traveling that day. I suggested that the letter be sent to the judicial assistant and chambers with a proposed order, because no appearing defendant objected.

11. On August 21, 2026, Mr. Igbokwe agreed to that approach. I told him I was back in town and offered to file the letter instead if he preferred.

13. On August 25, 2026, I wrote to Mr. Igbokwe to verify the letter had been taken care of and that nothing needed to be filed.

14. On August 28, 2026, Mr. Igbokwe thanked me. I understood his reply to confirm that the matter had been handled.

15. Mr. Igbokwe and I each understood that the other's office had handled the transmission. The letter was never sent to chambers. No motion for the extension was filed.

**DOC. 66**

16. On September 22, 2026, I received electronic notice of the motion filed by Defendants Shamuelov and EZ Advance (Doc. 66). By oversight from conducting a trial, I did not forward it to Mr. Igbokwe.

17. On October 18, 2026, Mr. Igbokwe contacted me about the extension request and Doc. 66. I checked my records. No email requesting the extension had been sent to chambers. I told him that there had been a miscommunication between our offices about transmitting the letter with the proposed order.

**RESPONSIBILITY**

18. The failure to place the extension request before the Court and to file the Second Amended Complaint on time was the responsibility of Plaintiff's counsel. It was not the fault of Plaintiff or its principal.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed on October 19th, 2026, at Miami, Florida.

_/s/ Anthony V. Moser______
Anthony V. Moser