**UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF FLORIDA**

| | |
|---|---|
| MT PRODUCTS, LLC<br><br>*Plaintiff,*<br><br>v.<br><br>ALTERNATIVE CAPITAL GROUP, LLC, et al.<br><br>*Defendants.* | 8:25-CV-02510 WFJ-SPF |

**DEFENDANTS SUPERVEST, INC., SV CAPITAL MANAGEMENT, LLC, AND TOP CHOICE FINANCIAL, INC.'S MOTION FOR LEAVE TO FILE A MOTION TO DISMISS FOR FAILURE TO COMPLY WITH COURT ORDER AND FILE RESPONSE TO PLAINTIFF'S MOTION FOR RELIEF FROM DISMISSAL UNDER FED. R. CIV. P. 60(b)(1)**

Defendants SuperVest, Inc. ("SuperVest"), SV Capital Management, LLC ("SVC Management"), and Top Choice Financial, Inc. (collectively, the "SuperVest Defendants"), through undersigned counsel, move for leave to file a Motion to Dismiss for Failure to Comply with Court Order and a response to Plaintiff MT Products, LLC's Motion for Relief from Dismissal Under Federal Rule of Civil Procedure 60(b)(1) [D.E. 68] (the "Rule 60(b)(1) Motion").

1. The SuperVest Defendants seek leave to file a Motion to Dismiss on the same grounds, and for the same relief, as the motion Defendants Gabriel Shamuelov and EZ Advance, LLC filed on September 22, 2026 [D.E. 66] (the "Motion to Dismiss"). A copy of the SuperVest Defendant's proposed filing is

annexed hereto as **Exhibit A**. The SuperVest Defendants also seek leave to file an opposition to Plaintiff's Rule 60(b)(1) Motion by November 9, 2026.

2. Granting this request will neither prejudice any appearing party nor delay the Court's briefing schedule[1]. First, Plaintiff does not dispute the facts and law set out in the Motion to Dismiss. All Parties agree that the Court's July 28, 2026 Order required Plaintiff to file a second amended complaint by August 18, 2026. Plaintiff asked Defendants on August 12, 2026 to consent to a thirty-day extension, and the appearing Defendants consented on August 13, 2026. Plaintiff nevertheless filed neither an extension motion nor a second amended complaint before the court-ordered deadline. (D.E. 66 ¶¶ 2–5; D.E. 68 at 3–6.)

3. *Second, Plaintiff* does not dispute that, because it failed to comply with the Court's July 28, 2026 Order, the dismissal "became a final judgment on August 18, 2026 when the period to replead expired." Relying in part on *Schuurman v. Motor Vessel Betty K V*, 798 F.2d 442, 445 (11th Cir. 1986), the same authority cited in the Motion to Dismiss, Plaintiff concedes: "**[It] does**

[1] SuperVest Defendants' delay in seeking dismissal alongside the other appearing Defendants is due to a personal family matter that required the undersigned counsel's immediate and prolonged attention. Approximately one week before Defendants Gabriel Shamuelov and EZ Advance, LLC filed the Motion to Dismiss [D.E. 66], a medical emergency required the premature delivery of counsel's child, who remains hospitalized in a Neonatal Intensive Care Unit.

**not dispute that rule. The dismissal became a final judgment on August 18, 2026"**. (D.E. 68 at 1, 7–8.) (*emphasis* added).

4. Because Plaintiff admits that its failure to comply with the Court's July 28, 2026 Order made the dismissal a final judgment when the period to replead expired, Plaintiff cannot credibly claim prejudice from the SuperVest Defendants' Motion to Dismiss.

5. By contrast, Plaintiff's Rule 60(b)(1) Motion seeks relief from a final judgment dismissing its first amended complaint. That relief directly affects the SuperVest Defendants, who would be prejudiced if denied the opportunity to respond.

6. Finally, the SuperVest Defendants propose to file their opposition by the same date the Court set for Defendants Gabriel Shamuelov and EZ Advance, LLC to respond to Plaintiff's Rule 60(b)(1) Motion so granting this request will not delay the existing briefing schedule set by the Court [D.E. 73].

7. Accordingly, the SuperVest Defendants respectfully request that the Court: (a) grant them leave to file the motion to dismiss for failure to comply with the Court's July 28, 2026 Order annexed hereto as Exhibit A, which seeks dismissal on the same grounds, and for the same relief, as the Motion to Dismiss [D.E. 66]; (b) permit the SuperVest Defendants to file a response to Plaintiff's Rule 60(b)(1) Motion [D.E. 68] by November 9, 2026; and (c) grant such further relief as the Court deems just and proper.

Respectfully submitted,

**CASAGRANDE LAW, PLLC**
11 Broadway, Suite 615
New York, NY 10004
Tel. 646-355-8701
Fax: 212-568-3546

*/s/ David C. Casagrande*
David C. Casagrande (FL Bar No.: 124059)
dcasagrande@casalawpllc.com

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that on October 30, 2026, we electronically filed the foregoing document with the Clerk of the Court using CM/ECF.

*/s/ David C. Casagrande*
DAVID C. CASAGRANDE