UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

MT PRODUCTS LLC d/b/a MEDTECH,

Plaintiff, Case No. 8:25-cv-02510-WFJ-SPF

v.

ALTERNATIVE CAPITAL GROUP, LLC; SUPERFAST CAPITAL, INC.; TOP CHOICE FINANCIAL, INC.; CURE PAYMENT RECOVERY SOLUTIONS, LLC; SUPERVEST, INC.; SV CAPITAL MANAGEMENT, LLC; EZ ADVANCE LLC; GABRIEL SHAMUELOV a/k/a "Matt Owens" and "Jason Caldwell"; and DOES 1–10,

Defendants.
_______________________________________/

**PLAINTIFF'S RESPONSE TO THE SUPERVEST DEFENDANTS' MOTION FOR LEAVE (DOC. 74)**

Plaintiff MT Products LLC d/b/a MedTech does not oppose allowing Supervest, Inc., SV Capital Management, LLC, and Top Choice Financial, Inc. (the "SuperVest Defendants") to respond to Document 68 by November 9, 2026, or granting permission to file the proposed dismissal motion attached to Document 74. Plaintiff's non-opposition is limited to permission to file those papers. Plaintiff opposes dismissal with prejudice, closure of the case as requested in Document 74-1, and denial of the relief sought in Document 68.

## I. PLAINTIFF DISPUTES THE REQUESTED DISMISSAL

Document 74 states that Plaintiff "does not dispute the facts and law set out in the Motion to Dismiss." (Doc. 74 ¶ 2.) That statement is overbroad insofar as it suggests agreement with the requested disposition. Plaintiff expressly opposed dismissal with prejudice in Document 67, pages 3–7, and sought relief from that consequence in Document 68, pages 15–20. Plaintiff has not conceded that Defendants are entitled to the requested dismissal or that its Rule 60 motion should be denied.

Plaintiff maintains its acknowledgment that the dismissal became final on August 18, 2026. (Doc. 68 at 1, 7–8.) Document 68 also addressed Rule 41(b)'s default effect and challenged leaving the resulting dismissal with prejudice in place. (*Id.* at 15–17, 20.) Finality explains why Plaintiff invoked Rule 60(b)(1); it does not resolve the motion seeking relief under that rule.

## II. RULE 60 RELIEF PRESENTS A SEPARATE QUESTION

*Schuurman v. Motor Vessel Betty K V*, 798 F.2d 442, 445 (11th Cir. 1986), addresses finality when a stated amendment period expires. It does not decide whether the particular circumstances presented here establish grounds for relief from that final dismissal. Rule 60(b)(1) expressly permits relief from a final judgment or order for mistake, inadvertence, surprise, or excusable neglect. Plaintiff seeks a determination of that request on its merits.

Plaintiff recognizes that it must satisfy Rule 60 independently before obtaining leave to amend under Rule 15(a)(2). *See BLOM Bank SAL v. Honickman*, 605 U.S. 204, 210, 213–14 (2025). The Court's direction to submit a separate motion with the proposed pleading (Doc. 72) and its order requiring responses to Document 68 (Doc. 73) do not dispense with that showing. Allowing the SuperVest Defendants to participate likewise would not determine whether Rule 60 relief should be granted.

**CONCLUSION**

Plaintiff does not oppose the requested permission to file. Any order granting Document 74 should reserve the merits of the proposed dismissal motion and preserve Plaintiff's opportunity to respond under Local Rule 3.01(d) or a schedule set by the Court. Plaintiff requests that the Court resolve Document 68 before or together with any request to confirm dismissal with prejudice. This response does not consent to the substantive relief requested in Document 74-1.

Dated: November 6, 2026

Respectfully submitted,

PRINCILIS LAW FIRM
/s/ Anthony V. Moser
Anthony V. Moser
Florida Bar No. 1034553
14 NE 1st Avenue, Suite 1402
Miami, Florida 33132
(786) 845-6967
amoser@princilislaw.com

IGBOKWE PLLC
O. Williams Igbokwe
(admitted pro hac vice)
One World Trade Center, 85th Floor
New York, New York 10007
(347) 467-4674
will@iwlaws.com
Counsel for Plaintiff

CERTIFICATE OF SERVICE

I certify that on November 6, 2026, I filed the foregoing with the Clerk of the Court using CM/ECF, which will send notice of the filing to all counsel of record.

/s/ Anthony V. Moser
Anthony V. Moser